### ALGER v. NEW YORK POST GRADUATE MEDICAL SCHOOL & HOSPITAL.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

MASTER AND SERVANT (§ 8*)—TERMS OF EMPLOYMENT.

A stipulation as to the method of payment, such as a monthly payment, constitutes merely a hiring at will, in absence of the fixing of a definite period of service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Byron Alger against the New York Post Graduate Medical School and Hospital. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Taylor, Jackson & Brophy, of New York City (John G. Jackson, of New York City, of counsel), for appellant.

Morris W. Hart, of New York City, for respondent.

BIJUR, J. The action is to recover wages for the balance of a month in the first part of which plaintiff was discharged. He testified that his salary was "$75 a month." He was discharged on the 10th of September and was paid $25 for a third of the month. It is well settled in this state that "a stipulation as to the method of payment, such as monthly," in the absence of the fixing of a definite period of service, constitutes only a hiring at will. Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, approving Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416.

The judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.

---

### DAN TALMAGE'S SONS CO. v. EPSTEIN.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

JUDGMENT (§ 162*)—DEFAULT JUDGMENT—PROCESS—AFFIDAVITS—REVERSAL.

When judgment has been rendered against a defendant who did not appear, but who submits an affidavit that he was never served with the summons, and therein accounts for his whereabouts on the day service is alleged to have been made, which is in a measure corroborated by other affidavits and contradicted only by the formal affidavit of the process server who was employed by a detective agency, and statements by such server not set forth in an affidavit, the judgment will be reversed and complaint dismissed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. § 162.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Dan Talmage's Sons Company against Solomon Epstein. Judgment for plaintiff, and defendant appeals. Reversed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Nathan Bardach, of New York City, for appellant.

Charles O. Maas, of New York City, for respondent.

BIJUR, J. This is an appeal taken under the provisions of section 311 of the Municipal Court Act (Laws 1902, c. 580). The defendant submits his own affidavit, in which he swears that he was never served with the summons in the action, and accounts for his whereabouts on the day service is alleged to have been made. He is, in a measure, corroborated by the affidavits of his son, his wife, and a salesman in his employ. The only evidence offered in support of the service is the formal affidavit of the process server upon the back of the summons. The process server was then, but is not now, in the employ of a detective agency. His former employer swears that on January 28, 1913, in a conversation with him, "he reiterated the facts concerning the service of the summons and complaint herein." What those facts were does not appear, nor is there any reason given why an affidavit setting them forth was not then obtained.

Judgment reversed, with costs, and complaint dismissed. All concur.

———————

(155 App. Div. 236.)

### VENTIMIGLIA v. EICHNER.

(Supreme Court, Appellate Division, First Department. February 21, 1913.)

1. QUIETING TITLE (§ 7*)—RIGHT OF ACTION—TAX LEASE.

A tax lease, apparently executed in conformity with Greater New York Charter (Laws 1901, c. 466) § 1041, which provides that such leases shall be presumptive evidence of the regularity of the tax sale proceedings, and that the purchaser shall in virtue thereof hold the lands until the end of his term, creates a cloud upon the title of the land, and an action to remove the same may be maintained.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.*]

2. TAXATION (§ 442*)—ASSESSMENT ROLL—OWNER—PRESUMPTION.

Since under Greater New York Charter (Laws 1901, c. 466) § 910, and Tax Law (Laws 1896, c. 908) §§ 29, 30, the name of a nonresident owner need not be inserted in the assessment roll, the presumption, when a name is inserted in the roll, is that the owner is a resident.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 774–780; Dec. Dig. § 442.*]

3. TAXATION (§ 437*)—ASSESSMENT. ROLL—VALIDITY—NAME OF OWNER.

The only effect that an error in, or the omission of, the name of the owner in an assessment roll in the city of Greater New York, is to confine the enforcement of a tax to the property against which it is assessed and to relieve the owner from personal liability therefor.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 766, 767; Dec. Dig. § 437.*]

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes